# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,            :        Case No. 3:08-cr-063
                                            Also 3:09-cv-392

                                            District Judge Thomas M. Rose
       -vs-                               Magistrate Judge Michael R. Merz
                               :

JAK A. MORGAN,

        Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 28). The United States has filed an Answer (Doc. No. 31) and Defendant has filed a Reply in support (Doc. No. 32).

### Positions of the Parties

On September 12, 2008, Defendant was sentenced to 108 months confinement upon his plea of guilty to four counts of distribution of an amount of crack cocaine in excess of five grams. He raises one ground for relief, to wit, that his trial attorney provided ineffective assistance of counsel by his failure to object to ¶ 38 of the Presentence Investigation Report. (Motion, Doc. No. 28, at ¶ 12.) Petitioner asserts that this paragraph of the PSIR contains a false report of a prior conviction which has made him ineligible for the 500 hour drug treatment program provided for in the Judgment (Doc. No. 24) and thus increased his sentence by the amount of credit he could have

earned against the sentence by successfully completing that program.

The United States moves to dismiss the § 2255 Motion on the grounds that that section does not provide a district court with jurisdiction to modify the content of the PSIR. In the alternative, because the Motion attacks the manner in which the sentence is being executed, rather than the sentence itself as imposed, the United States asserts Defendant must exhaust available administrative remedies. The Government asserts that the mere conviction of attempted assault, without the objected-to description of the offense conduct, would also bar Defendant's admission to the drug program. Assuming there is federal court jurisdiction over Defendant's claim, the United States asserts it is under 28 U.S.C. § 2241 and must be brought in the district of confinement. Finally, the Government argues Defendant has not met his burden of proof on a claim of ineffective assistance of trial counsel.

Defendant's Reply asserts a § 2255 Motion is the proper vehicle for relief in these circumstances, citing *United States v. Sarduy,* 838 F.2d 157 (6th Cir. 1988); *United States v. Fischer*, 821 F.2d 557 (11th Cir. 1987); and *United States v. Gattas*, 862 F.2d 1432 (10th Cir. 1988). Defendant rejects the notion that he pursue administrative remedies because, he says, the Bureau of Prisons is only following what is written in the PSIR. He rejects the argument that his conviction of attempted assault without the underlying facts would bar him from the drug program because, he says, the Bureau of Prisons Program Statements on Inmate Security Designation and Custody Classification, which has its own definition of crimes of violence, and on eligibility for early release. Defendant admits that a petition under § 2241 is an alternative remedy, but notes that the courts usually require a defendant to pursue a § 2255 remedy first. Finally, he asserts he has shown how failure to correct § 38 of the PSIR was ineffective assistance of trial counsel.

**Analysis**

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. §2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 99 S. Ct. 2085, 60 L. Ed. 2d 1634 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

The Magistrate Judge agrees with the United States that Defendant could not attack an error in the PSIR directly under § 2255. Put another way, there is no constitutional right to an error-free PSIR. But that is not the claim Defendant is making. Instead, he says he was deprived of his right to the effective assistance of counsel because he called this error to his attorney's attention and the

attorney did not object at sentencing to the error. Without doubt, a criminal defendant is entitled under the Sixth Amendment to the effective assistance of counsel at trial and a claim of deprivation of that right is cognizable under 28 U.S.C. § 2255. Indeed, the Sixth Circuit has expressed a strong preference for litigation of ineffective assistance of trial counsel claims in § 2255 proceedings, rather than on direct appeal, when the underlying facts do not appear of record. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006). Here, the requisite facts – the underlying facts of the attempted assault conviction and what Defendant asked his counsel to do about it – are not of record.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A federal defendant has no right to collaterally attack at sentencing a prior conviction used to enhance the penalty for ineffective assistance of counsel, but only for complete lack of counsel. *Custis v. United States*, 511 U.S. 485 (1994). Nor can such convictions be attacked in a §2255 proceeding. *Daniels v. United States*, 121 S. Ct. 1578 (2001), or a §2254 proceeding, *Lackawanna County District Atty. v. Coss*, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Because there is no right to attack a prior conviction at sentencing, *a fortiori* it cannot be ineffective assistance of trial counsel to fail to make such an attack.

But, Defendant may argue, he is not attacking the prior conviction, but the allegedly false statement of facts relating to the conviction which appear in the PSIR. Even assuming, contrary to the Government's position, that the Court has the authority to change the PSIR now on a § 2255 Motion, Defendant has failed to demonstrate any basis on which the Court could have been persuaded to make that change. The statement in the PSIR to which Defendant objects is that his conviction for attempted assault came on charges of assault and aggravated menacing "after he assaulted someone with a baseball bat." (Motion, Doc. No. 28, at 3.) He claims that statement was never admitted to by him, never proven, and never used by the State Prosecutor. *Id*. at 2.

The Magistrate Judge has obtained the original court record from Huber Heights, Ohio, for the attempted assault conviction. The incident in question happened very early on September 13,

1996. Huber Heights Police Officer Michael Egan was dispatched to the scene, the White Castle restaurant at 7601 Old Troy Pike, where the victim worked. There he took statements from three witnesses, all of whom described Defendant has having struck the victim with a baseball bat. The officer then observed injuries on the body of the victim which were consistent with his having been struck with a baseball bat. The victim had had a confrontation with Defendant which began without Morgan's being armed with a baseball bat; but during the confrontation, Morgan called out to an accomplice to get him a bat from his car.

Based on these witness statements, Officer Eagan immediately filed a criminal complaint which alleges that, in violation of Ohio Revised Code § 2903.13, Morgan "caused or attempted to cause physical harm to another, to wit, Anthony Jerome Hopkins with the use of a wooden baseball bat." Although, Defendant initially pled not guilty to the charge, on January 14, 1997, apparently pursuant to a plea agreement, the aggravated menacing charge was dismissed and the assault charge was reduced to attempted assault, to which Defendant pled guilty. By pleading guilty, Defendant admitted the facts in the Complaint, to wit, that he attempted to cause physical harm to Hopkins by striking him with a baseball bat.

By entering a plea of guilty, the accused is both stating that he did the discrete acts described in the indictment or other charging and admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Morgan, who was represented by counsel in the state court proceedings, had an opportunity to contest the facts charged against him. Had he stood on his not guilty plea, the State would have had to prove beyond a reasonable doubt to a jury that he had assaulted Hopkins; it presumably would have done so with the sworn testimony of three eyewitnesses to the use of a baseball bat in the assault.

Defendant's position seems to be that if he had, at the time of sentencing in this Court, merely denied the use of the baseball bat, Judge Rose would have stricken that from the PSIR, but

there is no reason to believe that is the case because the Huber Heights court records relied on above by the Magistrate Judge are the same records relied on by the Probation Department; it was the Probation Department who furnished those records to the Magistrate Judge.

It is not deficient performance on the part of a trial attorney to fail to make a claim which cannot be sustained. Even if Mr. Van Noy had made the claim, the record would have refuted it. Thus Defendant has suffered no prejudice from Mr. Van Noy's failure to raise the claim and therefore was not deprived of ineffective assistance of trial counsel.

**Conclusion**

Even assuming this Court has jurisdiction to grant the requested relief, it should not do so because the record fails to establish that the assertedly false fact – use of a baseball bat in the assault – is in fact false. The Court need not decide whether there is an available administrative remedy in the Bureau of Prisons which Defendant could use to obtain relief. Reasonable jurists would not disagree with this conclusion, so Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

October 8, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of

law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).